# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIPOSA COUNTY SHERIFF DEPT.<br>et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:12-cv-00501-AWI-DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 20) |

Plaintiff Richard Charles Hanna, a prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on April 2, 2012. On December 12, 2012, Plaintiff filed a motion for appointment of counsel. (ECF No. 20.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "'exceptional circumstances' exist, a court must consider the likelihood of success of the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the

1 legal issues involved." <u>Palmer</u>, 560 F.3d at 970 (citations omitted).

2 Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The circumstances described by Plaintiff, limited access to the law library and inability to afford an attorney, are common to all prisoners and do not establish exceptional circumstances that would warrant appointment of counsel. Upon review of the record in the present case, the court does not find the required exceptional circumstances. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Finally, the court has reviewed plaintiff's complaint and does not find that plaintiff cannot adequately articulate his claims. <u>Id.</u>

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 17, 2012**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE