# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>        Plaintiff,<br><br>    v.<br><br>MARIPOSA COUNTY SHERIFF DEPT.,<br>et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:12-cv-00501-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 24) |

Plaintiff Richard Charles Hanna is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action as filed on April 2, 2012, and an order issued finding service of the complaint appropriate on June 25, 2012. Plaintiff filed a motion for appointment of counsel that was denied on December 18, 2012. On January 8, 2013, an order issued directing the United States Marshal to serve the summons and complaint. Currently before the court is Plaintiff's second motion for appointment of counsel, filed February 25, 2013.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek

volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and, although Plaintiff claims that he has a long term mental illness, the court has conducted a review of the record and does not find that plaintiff cannot adequately articulate his claims. Id.

Plaintiff also seeks information on the status of this action. Plaintiff is directed to the informational order issued June 25, 2012. This action is currently pending service of the complaint. Once the defendants are served and an answer is filed an order will issue opening discovery in this action.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 5, 2013**

UNITED STATES MAGISTRATE JUDGE