1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>              Plaintiff,<br><br>       v.<br><br>MARIPOSA COUNTY SHERIFF DEPT. et al.,<br><br>              Defendants. | Case No.  1:12-cv-00501-AWI-SAB<br><br>ORDER REQUIRING PLAINTIFF TO EITHER SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE OR FILE A MOTION FOR ENTRY OF DEFAULT WITHIN THIRTY DAYS |

        Plaintiff Richard Charles Hanna, a state prisoner proceeding pro se and in <u>forma</u> <u>pauperis</u>, filed this action on April 2, 2012.  (ECF No. 1.)  The Court screened Plaintiff's complaint and found that it stated cognizable claims against Defendants Mariposa County Sheriff Department, and Deputies Boehm, Rumfelt, Rameriz, and King.  (ECF No. 13.)  The Court ordered service of the complaint and on July 15, 2013, the summonses were returned by the United States Marshal showing that personal service had been effected on all defendants on May 16, 2013.  (ECF No. 32.)

        Defendants' response to the complaint was due within twenty-one days from the date of service of the complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  As of this date, no defendant has filed an answer or other pleading responsive to the complaint, nor has Plaintiff filed a motion for entry of

1

default pursuant to Federal Rule of Civil Procedure 55.[1]

Within thirty days from the date of service of this order, Plaintiff shall either show cause why this action should not be dismissed for Plaintiff's failure to prosecute or file a motion for entry of default.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within thirty days from the date of service of this order, Plaintiff shall file a written response to the Court, showing cause why this action should not be dismissed for Plaintiff's failure to prosecute or a motion for entry of default; and

2.  Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:     **August 23, 2013**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] **Error! Main Document Only.**Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D.Cal. Feb, 11, 2008). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations omitted).

2