# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIPOSA COUNTY SHERIFF DEPT. et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00501-AWI-SAB<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION<br><br>(ECF No. 42)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Richard Charles Hanna is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Default has been entered against Defendants Mariposa County Sheriff Department, and Deputies Boehm, King, Remeriz, and Rumfelt. (ECF No. 39.) On September 30, 2013, Plaintiff filed a motion for a subpoena duces tecum. (ECF No. 42.) This action is proceeding on Plaintiff's claims that he was subjected to excessive force by Defendants Mariposa County Sheriff Department, and Deputies Boehm, King, Remeriz, and Rumfelt when he was booked into the Mariposa County Jail on April 8, 2011. Plaintiff seeks a copy of the video of the incident to prove his damages in this action.   In his motion, Plaintiff requests the Court have a copy of this video sent to his friend, Renee Ritter, attorney Eugine Action, or to the Court for safe keeping.

Once default has been entered, the factual allegations in the complaint are taken as true,

but the allegation regarding the amount of damages must be proven.  See Fed R. Civ. P. 55(b)(2); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012).  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992).  The relief sought must not be different in kind or exceed the amount that is demanded in the pleadings.  Fed. R. Civ. P. 54(c).

The Court is inclined to grant Plaintiff's request for the subpoena duces tecum.  However, the Court is not a repository for the party's evidence and therefore the request for the video to be sent to the Court will be denied.

The Court understands why Plaintiff would be hesitant to have the video sent to him while it custody, however, it has concerns regarding Plaintiff's request to have this video sent to a third party.  Therefore, the Court shall require Plaintiff to show that the third party is able and willing to receive and keep the video for Plaintiff.  If Plaintiff wishes a friend to receive the video, he must submit a declaration, under penalty of perjury, from the individual that he or she is willing to accept the video and will retain it and release it to Plaintiff upon his release from custody.  If Plaintiff wishes the video to be sent to an attorney, then the Court needs proof that Plaintiff has retained the attorney for this matter.  In other words, the Court will not order the evidence to be turned over to a third party without a showing that the individual is willing to accept and be responsible for the evidence.  Accordingly,

IT IS HEREBY ORDERED that, within thirty days from the date of service of this order, Plaintiff shall notify the court who should be designated to receive a copy of the video and proof of the individual's willingness to accept and be responsible for the evidence as set forth in this order.

IT IS SO ORDERED.

Dated:   **October 1, 2013**

_____
UNITED STATES MAGISTRATE JUDGE