UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>MARIPOSA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants | CASE NO. 1:12-CV-501 AWI SAB<br><br>ORDER ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE<br><br>(Doc. No. 47) |

On October 23, 2013, Plaintiff filed a motion for a restraining order. See Doc. No. 47. Defendants have not appeared in this case, and the clerk entered default against them on September 10, 2013. See Doc. No. 39. However, on February 22, 2013, in a case that appears to be identical to this matter, Plaintiff filed a Rule 41(a)(1) voluntary dismissal with prejudice. Despite the apparent relatedness of the two claims, Plaintiff has never filed a notice of related cases pursuant to Local Rule 123. For the reasons that follow, Plaintiff's motion for a restraining order will be denied and Plaintiff will show cause why this case should not be dismissed.

**I.　PLAINTIFF'S MOTION**

Plaintiff states that the four named defendant deputies in this case (King, Ramirez, Boehm, and Rumfelt) have exhibited no restraint in abusing their authority and acted willfully and without regard to Plaintiff's person. Plaintiff states that he has a real and constant fear that the four deputies will continue to be a threat to him and his family upon his release from prison in February 2014. Plaintiff states that he lives in a small community and there is no possibility that he can live outside the jurisdiction of the deputies. Plaintiff asks for a restraining order that

prohibits the deputies from being within 100 yards of Plaintiff, his family, and his residence.

*Legal Standard*

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. See Fed. R. Civ. Pro. 65. The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995); see also Welker v. Cicerone, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001). A plaintiff seeking a preliminary injunction or a restraining order must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011). If a moving party has only shown "serious questions going to the merits," then an injunction may issue if the moving party meets the irreparable harm requirement, meets the public interest requirement, and shows that the balance of hardships "tips sharply" in his favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1132, 1135 (9th Cir. 2011). However, if a moving party fails to show that he has at least "some chance on the merits," then no injunction will issue. Developmental Servs. Network v. Douglas, 666 F.3d 540, 544 (9th Cir. 2012). "Injunctive relief . . . must be tailored to remedy the specific harm alleged." Park Vill., 636 F.3d at 1160.

*Discussion*

Plaintiff's motion will be denied for several reasons. First, Plaintiff failed to follow the requirements of Local Rule 231. Second, this lawsuit is about remedying excessive force that occurred in April 2011 while Plaintiff was in the Mariposa County Jail. The restraining order requested does not address that violation and appears beyond the scope of this litigation. Third, Plaintiff has not shown that he will suffer irreparable injury if a restraining order is not granted at this time. Plaintiff's allegations are conclusory, and he admits that the threat will materialize at the time of his release from prison in February 2014, i.e. several months from now. Fourth, there

has been no showing about how the balance of equities tip in favor of Plaintiff or how an injunction would be in the public's interest. Because Plaintiff has failed to meet his burden, follow the local rules, or show that the requested restraining order is proper in this case, Plaintiff's motion for a restraining order is denied. See Park Vill., 636 F.3d at 1160; Local Rule 231.

**II.     ORDER TO SHOW CAUSE**

Local Rule 123 deals with "related cases." Cases are "related" for purposes of Local Rule 123 if *inter alia* the cases both: (1) "involve the same parties and are based on the same or similar claim"; (2) "involve the same property, transaction, or event"; or (3) involve similar questions of fact and the same question of law and assignment to the same Judge or Magistrate Judge is likely to effect substantial savings of judicial effort. See Local Rule 123(a). If counsel has reason to believe that cases are "related," then counsel is required to "promptly file in each action and serve on all parties in each action a Notice of Related Cases," and that notice is to identify the titles and case numbers of the related cases and briefly explain how the cases are related. See Local Rule 123(b). Once a notice of reassignment is filed, the Clerk is to notify the assigned Judges and Magistrate Judges of the notices. See id. The related cases may then be reassigned to a single Judge and Magistrate Judge in order to save judicial effort. See Local Rules 123(c).

Here, the Complaint alleges that Plaintiff was the victim of excessive force that occurred on April 8, 2011, at the Mariposa County Jail. See Court's Docket Doc. No. 1 in case 1:12-cv-501 AWI SAB ("501 Case"). However, on November 15, 2012, a case was removed from the Mariposa County Superior Court, entitled *Hanna v. County of Mariposa*. See Court's Docket Doc. No. 1 in case 1:12-cv-1885 AWI BAM ("1885 Case"). The 1885 Case alleges that Plaintiff suffered excessive force on April 8, 2011, while in custody at the Mariposa County Jail. See id. The 1885 Case was filed in state court on August 20, 2012, after Plaintiff had filed the 501 Case in April 2012. In the 501 Case, Plaintiff proceeds pro se and is incarcerated, and his complaint is more detailed than the 1885 Case complaint. In the 1885 Case, Plaintiff was represented by counsel and the complaint was more general. On February 20, 2013, Plaintiff filed a notice of voluntary dismissal with prejudice under Rule 41(a) in the 1885 Case. See 1885 Doc. No. 14. An

1  order was signed dismissing the 1885 Case with prejudice on February 22, 2013.  See 1885 Doc.
2  No. 15.  On September 10, 2013, an entry of default against all defendants was made in the 501
3  Case.  See 501 Doc. No. 39.  Plaintiff has also been granted an extension of time in which to file a
4  motion for default judgment and been granted a subpoena duces tecum in the 501 Case.  See id. at
5  Doc. Nos. 43, 46.

6  A review of the complaints in the 501 Case and the 1885 Case strongly indicates that these
7  cases deal with the same events, the same parties, and the same issues of law.  They therefore
8  appear to be "related cases."  If the 501 and 1885 cases are in fact related, then Plaintiff was under
9  an obligation to notify the Court that the 501 and 1885 cases are related.[1]  Such a notice would
10 have been extremely beneficial because the 1885 Case has closed due to voluntary dismissal with
11 prejudice, and that voluntary dismissal raises the defense of res judicata to the 501 Case.[2]  See
12 Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 & n.4 (9th Cir. 2005).  The
13 Court has a severely impacted docket, and individual judges cannot be expected to sua sponte find
14 related cases.  Different Magistrate Judges were assigned to cases 501 and 1885, and the
15 Magistrate Judge in the 501 Case has expended substantial efforts.  If a notice of related cases had
16 been received, then the same Magistrate Judge would have been assigned to both cases, the
17 possibility of res judicata could have been explored, and any expenditure of judicial resources
18 beyond February 22, 2013, may well have been minimal.  If Cases 501 and 1885 are in fact
19 "related," then this situation exemplifies why Local Rule 123 exists.

20 Given the dismissal that has occurred in the 1885 Case, the Court finds that it is
21 appropriate for Plaintiff to show cause.  Specifically, Plaintiff will be ordered to show cause in
22 writing:  (1) why he did not file a notice of related cases; (2) why sanctions (including but not
23 limited to dismissal of this case) should not be issued; and (3) why this case should not be
24 dismissed on the basis of res judicata from the 1885 Case voluntary dismissal.

---

[1] Pursuant to Local Rule 183, all obligations placed on "counsel" by the Local Rules also apply to individuals who appear pro se.  See Local Rule 183 (a).

[2] The Court notes that defense counsel in the 1885 Case did not file a notice of related cases.  However, Local Rule 123 applies to a counsel "who has reason to believe" that actions may be related.  See Local Rule123(b).  Whereas the Plaintiff certainly would know of the cases that he is pursuing in this Court, there is nothing that indicates that defense counsel in the 1885 Case had reason to know of the 501 Case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a restraining order is DENIED;

2. Within twenty-eight (28) days of service of this order, Plaintiff is to show cause in writing

    a. Why he did not file a notice of related cases;

    b. Why sanctions (including but not limited to dismissal of this case) should not be issued for failing to file a notice of related cases;

    c. Why this case should not be dismissed on the basis of res judicata from the 1885 Case voluntary dismissal; and

3. The Clerk shall send Plaintiff a copy of Local Rule 123, a copy of the Complaint in Case No. 1:12-cv-1885 AWI SKO (Doc. No. 1 at Exhibit A), a copy of the Notice of Voluntary Dismissal in Case No. 1:12-cv-1885 AWI SKO ( Doc. No. 14) and a copy of the Order for Dismissal in Case No. 1:12-cv-1885 AWI SKO ( Doc. No. 15).

IT IS SO ORDERED.

Dated:   October 29, 2013

SENIOR DISTRICT JUDGE