UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>MARIPOSA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants | CASE NO. 1:12-CV-501 AWI SAB<br><br>OLD CASE: 1:12-CV-1885 AWI BAM<br>NEW CASE: 1:12-CV-1885 AWI SAB<br><br>ORDER RELATING CASES AND ORDER REFERING MATTERS TO MAGISTRATE JUDGE |

　　　　On October 30, 2013, the Court denied Plaintiff's motion for a temporary restraining order ("TRO"). See Doc. No. 48. In resolving Plaintiff's motion, the Court discovered that what appears to be a related case, *Hanna v. County of Mariposa*, 1:12-cv-1885 AWI BAM (hereinafter the "1885 Case"), that was voluntarily dismissed with prejudice on February 22, 2013. See 1885 Case Doc. Nos. 14, 15. As part of the Court's order on the TRO, the Court noted that a notice of default had been entered in this case (hereinafter the "501 Case"), but that the default had been entered after the dismissal and closure of the 1885 Case. See 501 Case Doc. No. 48. Because no notice of related cases had been filed, the Court ordered Plaintiff to show cause why no notice of related cases had been filed and why the 501 Case should not be dismissed based on res judicata. See id.

　　　　On November 7, 2013, Plaintiff filed a response to the order to show cause. See 501 Case at Doc. No. 49. In the response, Plaintiff explains that: (1) attorney Eugene Action was his public defender, (2) Plaintiff asked Action to file a civil lawsuit regarding the conduct of 4 Mariposa

County Sheriff's Deputies, (3) Action did not inform Plaintiff that the 1885 Case had been filed, (4) Plaintiff was informed by his girlfriend to call Action, (5) sometime in February 2013 Action told Plaintiff that he was dismissing the 1885 Case because Action did not want to be liable for the County's attorney's fees, (6) Plaintiff did not want any part of his case dismissed, (7) Plaintiff does not agree with Actions reasons for dismissal, (8) Plaintiff does not understand the dismissal of the 1885 case, and (9) he still does not have any documents related to the 1885 Case. See id.

After considering Plaintiff's response, the Court has serious concerns. A Court may raise a Rule 60 isue sua sponte. See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 385-86 (7th Cir. 2008); Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999). Plaintiff's response suggests that the dismissal with prejudice was done after a discussion with the County of Mariposa and then without Plaintiff's consent. As such, the Court has concerns regarding the validity of the dismissal. Cf. Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977) (noting California law requirement that a case cannot be settled without express authority from a client); Hamilton v. Wilms, 2007 U.S. Dist. LEXIS 21336, *28-*30 (E.D. Cal Mar. 2, 2007) (discussing settlement without consent of a client); cf. also Community Dental v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002) (discussing situations where a client may be bound or not bound by the conduct of his attorney). In addition to the obvious implications to the 1885 Case itself, the validity of the 1885 Case dismissal also weighs heavily on the propriety of maintaining the 501 Case. Finally, because of the dismissal and because of the apparent similarity between the 501 Case and the 1885 Case, the Court has concerns about possible confusion by Defendants with respect to the 501 Case. The County of Mariposa appeared in the 1885 Case, but it has made no appearance in the 501 Case.

In light of the above, the Court believes that it is appropriate to relate Case 501 with Case 1885 and assign both cases to Magistrate Judge Boone.[1] Although it does not appear that Plaintiff received a copy of the complaint in the 1885 Case,[2] Plaintiff's description of his claims to Action

---

[1] Magistrate Judge Boone is the magistrate judge assigned in the lower numbered 501 Case.

[2] The Court ordered the Clerk's office to send Plaintiff a copy of the 1885 Case complaint, as well as the motion to dismiss and the order of dismissal. It appears that those documents were mistakenly not sent to Plaintiff as intended. However, a November 8, 2013, docket entry reflects that those documents have now been sent to Plaintiff.

2

are sufficient at this point for the Court to find that the 501 Case and the 1885 Case are related. <u>See</u> Local Rule 123; Doc. No. 49. The Court then will refer both cases to the Magistrate Judge in order to determine whether the dismissal in the 1885 Case is invalid/should be set aside, what effect the 1885 Case has on the 501 Case, and how the two cases should proceed (if at all) from this point forward. The Magistrate Judge, as he sees fit, may require responses and evidence from Plaintiff, his former counsel Action, and defense counsel/defendants in the 1885 Case.

Accordingly, IT IS HEREBY ORDERED that:

1. Case 1:12-cv-1885 AWI BAM is RELATED to Case 1:12-cv-501 AWI SAB;
2. Case 1:12-cv-1885 AWI BAM is REASSIGNED to Magistrate Judge Stanley A. Boone, and the new case number shall be 1:12-cv-1885 AWI SAB;
3. Both Case 1:12-cv-1885 AWI SAB and 1:12-cv-501 AWI SAB are referred to Magistrate Judge Boone for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: November 8, 2013

SENIOR DISTRICT JUDGE