# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA, <br><br> Plaintiff, <br><br> v. <br><br> MARIPOSA COUNTY SHERIFF DEPT. et al., <br><br> Defendants. | Case No. 1:12-cv-00501-AWI-SAB <br> 1:12-cv-01885-AWI-SAB <br><br> ORDER REQUIRING EUGENE ACTION, ESQ. TO RESPOND TO RESPONSE TO ORDER TO SHOW CAUSE <br><br> FOURTEEN DAY DEADLINE |

## I.

## PROCEDURAL HISTORY

On April 2, 2012, Plaintiff Richard Charles Hanna, appearing pro se and in forma pauperis, filed Hanna v. Mariposa County Sheriff Dept. ("Hanna 1"), No. 1:12-cv-00501-AWI-SAB, a civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California. On June 25, 2012, the magistrate judge screened the complaint and found service appropriate. On August 20, 2012, after Plaintiff failed to return service documents the magistrate judge issued findings and recommendations recommending that Hanna 1 be dismissed.

On this same date, with the assistance of counsel, Plaintiff filed a similar action, Hanna v. County of Mariposa ("Hanna 2"), No. 1:12-cv-01885-AWI-SAB, in the Superior Court of California, County of Mariposa. On November 15, 2012, Defendants removed Hanna 2 from the

1

California Superior Court to the Eastern District of California. On November 16, 2012, Plaintiff filed objections to the findings and recommendations in Hanna 1. On November 21, 2012, Defendants filed a motion to dismiss in Hannah 2.

Based upon Plaintiff's objection that he did not receive the service documents in Hanna 1, on December 4, 2012, the findings and recommendations were vacated and the Court ordered Plaintiff to submit service documents within thirty days. Plaintiff filed a motion to appoint counsel and returned the service documents in Hanna 2 on December 12, 2012. The motion to appoint counsel was denied on December 18, 2012. On December 21, 2012, Plaintiff filed an opposition to the motion to dismiss in Hanna 1.

On January 4, 2013, Plaintiff filed a motion to continue the defendants' motion to dismiss in Hanna 2. On January 8, 2013, the Court ordered the United States Marshal to effect service of process on the defendants in Hanna 1. Defendants filed a reply to the motion to dismiss in Hanna 2 on February 15, 2013. On February 20, 2013, Plaintiff filed a notice of voluntary dismissal with prejudice in Hanna 2. On February 22, 2013, Hanna 2 was dismissed with prejudice. On February 25, 2013, Plaintiff filed a motion for appointment of counsel in Hanna 1 which was denied on March 5, 2013.

Plaintiff continued to litigate Hanna 1, filing a motion to order defendants to file a responsive pleading on May, 2, 2013; and a motion for service of the complaint on June 19, 2013. On July 15, 2013, the summons were returned executed in Hanna 1 and the United States Marshal filed a request for reimbursement of costs for effecting personal service on Defendants Mariposa County Sheriff Department, and Deputies Boehm, King, Rameriz, and Rumfelt. On July 23, an order issued requiring Defendants Mariposa County Sheriff Department, Boehm, King, Rameriz, and Rumfelt why the United States Marshal's request for reimbursement of costs should not be granted. Defendants did not respond.

On August 23, 2013, an order issued requiring Plaintiff to show cause why Hanna 1 should not be dismissed for failure to prosecute or a motion for default. Plaintiff filed a motion for entry of default on September 6, 2013. Default was entered against Defendants Mariposa County Sheriff Department, Boehm, King, Rameriz, and Rumfelt on September 10, 2013, and the

1 order to show cause was discharged.

2 On September 25, 2013, Plaintiff filed a motion for an extension of time to file his motion
3 for default judgment. On September 30, 2013, Plaintiff filed a motion for a subpoena duces
4 tecum. On October 1, 2013, orders issued granting Plaintiff's motion for an extension of time and
5 requiring Plaintiff to provide additional information regarding the motion for a subpoena duces
6 tecum.

7 On October 15, 2013, Plaintiff provided the additional information requested and the court
8 issued an order on October 16, 2013, granting Plaintiff's request for a subpoena duces tecum. On
9 October 23, 2013, Plaintiff filed a motion for a temporary restraining order against Defendants
10 Boehm, King, Rameriz, and Rumfelt. On October 30, 2013, District Judge Anthony Ishii issued
11 an order denying Plaintiff's request for a temporary restraining order and requiring Plaintiff to
12 show cause why this action should not be dismissed for failing to file a notice of related cases and
13 on the basis of res judicata.

14 Plaintiff filed a response to the order to show cause on November 7, 2013. On November
15 12, 2013, District Judge Anthony Ishii issued an order relating the two cases and referred this
16 matter to the undersigned to determine if the dismissal in Hanna 2 was valid or if should be set
17 aside under Rule 60(b) of the Federal Rules of Civil Procedure. Hanna 1, at ECF No. 50.

## II.

## LEGAL STANDARD

20 Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just
21 terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the
22 following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
23 evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released
24 or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where
25 none of these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d
26 1437, 1442 (9th Cir. 1991).

27 Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order
28 for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy

3

to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).

## III.

## DISCUSSION

In Hannah 2, the plaintiff filed a notice of voluntary dismissal with prejudice. "[U]nder Rule 41(a)(1)(I), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (*quoting* Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). However, once the defendant has filed an answer or motion for summary judgment, a plaintiff's motion for voluntary dismissal is filed under Federal Rules of Civil Procedure 41(a)(2). Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995). "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Pursuant to Rule 41(a)(2), there are three separate determinations for the court to make: 1) whether to allow dismissal; 2) whether the dismissal should be with or without prejudice; and 3) what terms and conditions, if any, should be imposed. Williams v. Peralta Community College Dist., 227 F.R.D. 538, 539 (N.D.Cal. 2005). Upon receipt of Plaintiff's notice, the court issued an order dismissing the action with prejudice.

In his response Plaintiff contends that he asked his public defender, Mr. Action, to file the state court action and was not aware that it had been filed until Mr. Action told Plaintiff's girlfriend that Mr. Action was dismissing the case. Plaintiff called Mr. Action who informed him that the case was being dismissed because the defendants informed him that the county was exempt from actions that occurred within the county jail. Plaintiff contends that he was not aware that the state case was proceeding or that it had been dismissed until he spoke with Mr. Action.

As Judge Ishii stated in the order referring this matter to the undersigned, Plaintiff's response to the order to show cause raises serious concerns regarding whether the dismissal in Hanna 2 was valid or should be set aside under Rule 60. Based upon Plaintiff's response to the

order to show cause, the Court shall require Plaintiff's attorney, Mr. Action, to respond to Plaintiff's allegations that <u>Hanna 2</u> was dismissed without his permission or consent.

### IV.
### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT, within fourteen days from the date of service of this order, Plaintiff's attorney Eugene Action shall respond to the allegations set forth in Plaintiff's response to the order to show cause filed November 7, 2013, in Case No. 1:12-cv-00501-AWI-SAB.

IT IS SO ORDERED.

Dated:   **November 14, 2013**

UNITED STATES MAGISTRATE JUDGE