# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>                Plaintiff,<br><br>        v.<br><br>MARIPOSA COUNTY SHERIFF DEPT. et al.,<br><br>                Defendants. | Case No. 1:12-cv-00501-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SUBPOENA<br><br>(ECF Nos. 46, 73, 74) |

## I.

## PROCEDURAL HISTORY

Plaintiff Richard Charles Hanna is appearing pro se and in <u>forma pauperis</u> in this civil rights action pursuant to 42 U.S.C. § 1983.  Default has been entered against Defendants Mariposa County Sheriff Department, and Deputies Boehm, King, Remeriz, and Rumfelt. (ECF No. 39.) On October 16, 2013, an order issued granting Plaintiff motion for a subpoena duces tecum to obtain a video of the alleged incident of excessive force for use in his motion for default judgment. (ECF No. 46.)  The order provided notice to the parties that the subpoena would be issued within fifteen days from the date of service of the order.

On October 30, 2013, Judge Ishii issued an order denying Plaintiff's motion for a temporary restraining order.  In resolving the motion, Judge Ishii discovered that Plaintiff had

1

1  filed a related action that had been voluntarily dismissed with prejudice.  The two actions were
2  related and Judge Ishii referred the matter to the undersigned to determine whether the dismissal
3  in the related action should be set aside and how this case should proceed.  (ECF No. 50.)
4        On November 14, 2013, an order issued requiring counsel in the related action to respond
5  to Plaintiff's allegation that he had had not consented to the dismissal.  (ECF No. 51.)  Counsel
6  responded on November 27, 2013, with declarations stating that a settlement offer had been
7  discussed with Plaintiff and he agreed to dismiss the action for a waiver of costs.  (ECF No. 54.)
8  On December 4, 2013, Defendants moved to set aside the entry of default.  (ECF Nos. 58-71.)
9  On December 6, 2013, Plaintiff filed a declaration regarding the dismissal and a motion to have
10 the subpoena duces tecum issue.  (ECF Nos. 72, 73.)  On December 9, 2013, Plaintiff filed a
11 motion for a subpoena duces tecum and a declaration regarding the response filed by counsel.
12 (ECF No. 77, 75.)

## II.

## MOTION TO COMPEL PRODUCTION OF VIDEO

15       Plaintiff seeks to have the Court issue the subpoena duces tecum pursuant to the October
16 16, 2013 order.  Due to the motion to set aside the entry of default, filed by Defendants in this
17 action and the order issued by Judge Ishii indicating that this action may be barred by res judicata,
18 the Court declines to issue the subpoena duces tecum at this time.  The Court shall stay the order
19 issued October 16, 2013, pending decision on the motion to set aside default.  If the motion to set
20 aside default is denied, the Court will then address the issuance of the subpoena at that time.
21 Accordingly, Plaintiff's motion to compel the subpoena is denied.

## III.

## MOTION FOR SUBPOENA OF LEGAL MAIL RECORDS

24       Plaintiff's motion, filed December 9, 2013, seeks an order for High Rock Conservation
25 Camp ("HRCC") to produce records of legal mail.  Plaintiff seeks these records to show that he
26 wrote to Mr. Action informing him that he had filed this action and that Mr. Action did not send
27 him any legal correspondence while he was housed at HRCC.
28       According to Mr. Action's declaration his communication regarding the related action was

through Plaintiff's girlfriend, who had power of attorney and kept Plaintiff informed of the status of the case. Mr. Action states that he had a telephone conversation with Plaintiff regarding the status of the case. Plaintiff is informed that the issue to be decided is not if Mr. Action was aware that Plaintiff had filed this action, but whether Plaintiff consented to the dismissal with prejudice of the related action. Mr. Action does not claim to have contacted Plaintiff by mail, and therefore, the legal mail records are irrelevant to the issue that will ultimately need to be decided here should the motion to set aside default be granted. Accordingly, the Court shall deny Plaintiff's request for a subpoena to obtain the legal mail records.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The order issued October 30, 2013, is HEREBY STAYED;
2. Plaintiff's motion to compel the subpoena duces tecum, filed December 6, 2013, is DENIED; and
3. Plaintiff's motion for a subpoena for the legal mail records, filed December 9, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **December 18, 2013**

UNITED STATES MAGISTRATE JUDGE