# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>            Plaintiff,<br><br>    v.<br><br>MARIPOSA COUNTY SHERIFF DEPT. et al.,<br><br>            Defendants. | Case No. 1:12-cv-00501-AWI-SAB<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>(ECF Nos. 57-58, 64-71, 82, 84)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## INTRODUCTION

Plaintiff Richard Charles Hanna is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Default has been entered against Defendants Mariposa County Sheriff Department, and Deputies Boehm, King, Remeriz, and Rumfelt. Defendants have filed a motion seeking to set aside the entry of default. Having considered the parties' pleadings and the record in this action, this findings and recommendation issues recommending granting Defendants' motion to set aside entry of default.

### PROCEDURAL HISTORY

On December 8, 2011, Plaintiff, appearing pro se and in forma pauperis, filed an action, Hanna v. Mariposa County Sheriff Dept. ("Hanna 1"), No. 10082, in Mariposa County Superior

1

1 Court alleging that while he was detained in the Mariposa County Jail on April 8, 2011, deputies
2 Boehm, Ramirez, Rumfelt, and King used a taser on him and he was forcibly required to provide
3 a blood sample.[1]  (Compl. 2-9,[2] ECF No. 64-1; Order on Application for Waiver of Court Fees
4 and Costs 22, ECF No. 64-1.)

5 On April 2, 2012, Plaintiff Richard Charles Hanna, appearing pro se and in forma
6 pauperis, filed the instant action, Hanna v. Mariposa County Sheriff Dept. ("Hanna 2"), No. 1:12-
7 cv-00501-AWI-SAB, a civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of
8 California alleging that Deputies Boehm, Rumfelt, Rameriz and King used excessive force
9 against him while he was detained on April 8, 2011 at the Mariposa County Jail.

10 On April 25, 2012, the Superior Court ordered Plaintiff to appear in Hanna 1 on May 30,
11 2012 for a case management conference or the action would be dismissed.  (ECF No. 64-1 at 18.)
12 On May 30, 2012, Hanna 1 was dismissed without prejudice after Plaintiff's attorney, Eugene
13 Action, appeared in the Superior Court and requested the case be dismissed.  (ECF No. 64-1 at
14 16.)   On June 25, 2012, the magistrate judge screened the complaint in Hanna 2 and found
15 service appropriate.  On August 20, 2012, after Plaintiff failed to return service documents the
16 magistrate judge issued findings and recommendations recommending that Hanna 2 be dismissed.

17 On this same date, with the assistance of counsel, Plaintiff filed a similar action, Hanna v.
18 County of Mariposa ("Hanna 3"), No. 10223, in Mariposa County Superior Court alleging assault
19 and battery, excessive force, and intentional infliction of emotional distress while in the custody
20 of the Mariposa County Jail on April 8, 2011.  (Compl. 40-49, ECF No. 64-1.)  On November 15,
21 2012, Defendants removed Hanna 3 from the California Superior Court to the Eastern District of
22 California.  Hanna v. County of Mariposa, No. 1:12-cv-01885-AWI-SAB.  On November 16,
23 2012, Plaintiff filed objections to the findings and recommendations in Hanna 2.  On November

---

[1] Judicial notice may be taken "of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  The Court grants Defendants' request to take judicial notice of court documents provided in the motion to set aside entry of default.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  21, 2012, Defendants filed a motion to dismiss in <u>Hanna 3</u>.

2  Based upon Plaintiff's objection that he did not receive the service documents in <u>Hanna 2</u>, on December 4, 2012, the findings and recommendations were vacated and the Court ordered Plaintiff to submit service documents within thirty days.  Plaintiff filed a motion to appoint counsel and returned the service documents in <u>Hanna 2</u> on December 12, 2012.  The motion to appoint counsel was denied on December 18, 2012.  On December 21, 2012, Plaintiff filed an opposition to the motion to dismiss in <u>Hanna 3</u>.

On January 4, 2013, Plaintiff filed a motion to continue the defendants' motion to dismiss in <u>Hanna 3</u>.  On January 8, 2013, the Court ordered the United States Marshal to effect service of process on the defendants in <u>Hanna 2</u>.  Defendants filed a reply to the motion to dismiss in <u>Hanna 3</u> on February 15, 2013.  On February 20, 2013, Plaintiff filed a notice of voluntary dismissal with prejudice in <u>Hanna 3</u> with each side to bear its own costs.  On February 22, 2013, <u>Hanna 3</u> was dismissed with prejudice.  On February 25, 2013, Plaintiff filed a motion for appointment of counsel in <u>Hanna 2</u> which was denied on March 5, 2013.

Plaintiff continued to litigate <u>Hanna 2</u>, filing a motion to order defendants to file a responsive pleading on May, 2, 2013; and a motion for service of the complaint on June 19, 2013.  On July 15, 2013, the summons were returned executed in <u>Hanna 2</u> and the United States Marshal filed a request for reimbursement of costs for effecting personal service on Defendants Mariposa County Sheriff Department, and Deputies Boehm, King, Rameriz, and Rumfelt.  On July 23, an order issued requiring Defendants Mariposa County Sheriff Department, Boehm, King, Rameriz, and Rumfelt to show cause why the United States Marshal's request for reimbursement of costs should not be granted.  Defendants did not respond.

On August 23, 2013, an order issued requiring Plaintiff to show cause why <u>Hanna 2</u> should not be dismissed for failure to prosecute or to file a motion for entry of default.  Plaintiff filed a motion for entry of default on September 6, 2013.  Default was entered against Defendants Mariposa County Sheriff Department, Boehm, King, Rameriz, and Rumfelt on September 10, 2013, and the order to show cause was discharged.

On September 25, 2013, Plaintiff filed a motion for an extension of time to file his motion

3

for default judgment.  On September 30, 2013, Plaintiff filed a motion for a subpoena duces tecum.  On October 1, 2013, orders issued granting Plaintiff's motion for an extension of time and requiring Plaintiff to provide additional information regarding the motion for a subpoena duces tecum.

On October 15, 2013, Plaintiff provided the additional information requested and the court issued an order on October 16, 2013, granting Plaintiff's request for a subpoena duces tecum.  On October 23, 2013, Plaintiff filed a motion for a temporary restraining order against Defendants Boehm, King, Rameriz, and Rumfelt.  On October 30, 2013, District Judge Anthony Ishii issued an order denying Plaintiff's request for a temporary restraining order and requiring Plaintiff to show cause why Hanna 2 should not be dismissed for failing to file a notice of related cases and on the basis of res judicata.

Plaintiff filed a response to the order to show cause on November 7, 2013.  On November 12, 2013, District Judge Anthony Ishii issued an order relating Hanna 2 and Hanna 3 and referred this matter to the undersigned to determine if the dismissal in Hanna 3 was valid or if it should be set aside.

On November 14, 2013, an order requiring counsel in Hanna 3 to respond to Plaintiff's allegation that he had had not consented to the dismissal of the action.  (ECF No. 51.)  Counsel responded on November 27, 2013, with declarations stating that a settlement offer had been discussed with Plaintiff and he agreed to dismiss the action for a waiver of costs.  (ECF No. 54.)  On December 4, 2013, Defendants moved to set aside the entry of default in Hanna 2.  (ECF Nos. 58-71.)  On December 6, 2013, Plaintiff filed a declaration regarding the dismissal of Hanna 3.  (ECF Nos. 72.)  On December 9, 2013, Plaintiff filed a declaration regarding the response filed by counsel.  (ECF No. 77, 75.)

On December 16, 2013, Mr. Action filed a response to a Court request for information.  (ECF No. 78.)  On December 20, 2013, a second declaration of Renee Ritter was filed by Plaintiff.  (ECF No. 81.)  On December 26, 2013, Plaintiff filed an opposition to the motion to set aside entry of default in Hanna 2.  (ECF No. 82.)  On December 31, 2013, Defendants filed a motion to strike the second declaration of Renee Ritter, a reply, and a motion to dismiss.  (ECF

4

Nos. 83, 84, 85.) The matter presently before this Court for findings and recommendation is whether Defendants' motion to set aside entry of default should be granted.

## II.

## LEGAL STANDARD

A party may have an entry of default set aside upon a showing of good cause. Fed. R. Civ. Pro. 55(c). "Once default judgment has been entered, relief is governed by Rule 60(b)." Brandt v. American Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111 (9th Cir. 2011). In determining if good cause exists to set aside the default, "the court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle (Signed Personal Check), 615 F.3d 1085, 1091 (9th Cir. 2010) (internal punctuation and citations omitted). Any of these factors are sufficient by themselves to refuse to set aside default. Signed Personal Check, 615 F.3d at 1091.

The test is the same for setting aside default under Rules 55 or 60, however when a party is seeking relief from default prior to the entry of default judgment, the test is more liberally applied. Id. at 1091 n.1. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id. at 1091 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984)).

## III.

## ANALYSIS

Defendants seek to set aside the entry of default because, when they received the summonses for Hanna 2, they were under the mistaken belief that the case had been dismissed with prejudice and the summonses for Hanna 2 were inadvertently filed with the closed file for Hanna 3. Defendants argue that the failure to file an answer was not culpable conduct; they have a meritorious defense; and granting the motion will not prejudice Plaintiff but merely restores the parties to an even footing in the litigation.

Plaintiff responds that Hanna 2 is not the third, but the second lawsuit that was brought

and he will be prejudiced by setting aside the default "unless Defendants can prove without a doubt that all records, recordings written digital or otherwise [sic] are still all completely intact, available and will be provided upon demand of subpoena or discovery."[3] (Motion Opposing Motion to Set Aside Default Judgment – Entry of Default 6, ECF No. 82.) Plaintiff contends that even if all discovery is available he has been prejudiced by the time, effort, and emotional distress in prolonging a case that has already been waiting conclusion for three years. (Id. at 6.)

Defendants reply that Plaintiff has failed to show that he would suffer prejudice by setting aside the default. Plaintiff did not file this action, Hanna 2, until April 2, 2012, less than two years ago and Plaintiff will be in no different position than he would have been had an answer been filed. Further, Defendants contend that as soon as they were aware that another action had been filed, they promptly moved to set aside the entry of default.

**A.  Defendants Did Not Engage In Culpable Conduct**

Culpable conduct occurs where a defendant receives actual or constructive notice that the action was filed and intentionally fails to answer. Signed Personal Check, 615 F.3d at 1092. Conduct is found to be culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. (quoting TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696-97 (9th Cir.2001)). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." Signed Personal Check, 615 F.3d at 1092.

Steven Dahlem, Mariposa County Counsel, received service of a summons and complaint in Hanna 3 on or about October 18, 2012, and forwarded the complaint to the firm of Wanger Jones Helsley PC to prepare a responsive pleading. (Decl. of Steven Dahlem ¶ 4, ECF No 70.) Following the February 20, 2013 dismissal of Hanna 3 with prejudice, Mr. Dahlem caused the filed to be closed. (Id.) Around May 16, 2013, Mr. Dahlem received the summons and complaint

---

[3] While Plaintiff is correct that Hanna 3 was filed subsequent to Hanna 2, it is the dismissal of Hanna 3 based upon the same facts that is analyzed in deciding whether res judicata exists. The date the actions were filed is not relevant in the analysis.

for Hanna 2. Being unaware that another action had been filed and believing that this was the identical lawsuit which had been dismissed with prejudice, Mr. Dahlem filed the documents with Hanna 3. (Id. at ¶ 6.) It was not until Mr. Dahlem received the November 12, 2013 Court order relating Hanna 2 and Hanna 3 that he realized that these were actually two separate actions. (Id. at ¶ 7.)

While Plaintiff contends that Hanna 2 was not the third action filed, the evidence demonstrates that three actions were filed by Plaintiff based upon the same incident. Since Mr. Dahlem received the summonses and complaint alleging the same incident three months after the case had been dismissed with prejudice, it is not inexcusable that he mistakenly believed this was the same action that had been dismissed. While Mr. Dahlem's conduct in filing the Hanna 2 documents with the Hanna 3 may be negligent, it does not demonstrate a "devious, deliberate, willful, or bad faith failure to respond." Further, Plaintiff was aware that Hanna 3 had been dismissed and did not notify his attorney or Defense counsel that he had filed another action that was still proceeding against the defendants. It was the fact that Plaintiff filed three separate actions based upon the same incident that caused the confusion that resulted here. The Court finds that the failure to file an answer to the complaint in Hanna 2 was not culpable conduct.

**B.     Defendants' Have a Meritorious Defense**

Defendants contend that they have multiple meritorious defenses to this action: 1) res judicata; 2) improper claim splitting; 3) lack of jurisdiction due to improper service; and 4) Defendants did not violate Plaintiff's rights. Because the Court finds that the defense of res judicata may apply in this instance, it declines to address the remaining defenses.

The doctrine of res judicata bars a second lawsuit on any claims arising from the same facts that were or could have been brought in a prior action. Stewart v. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002); Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). Res judicata applies where the earlier suit involved the same claim or cause of action; the final judgment was on the merits; and the current suit involves the same parties or there is privity between parties. Stewart, 297 F.3d at 956; Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).

In <u>Hanna 2</u>, Plaintiff alleged that while he was detained in a holding cell at the Mariposa County Jail on April 8, 2011, Defendants Boehm, Rumfelt, Rameriz, and King tazered him three times during the booking process. (Compl. 15-17, ECF No. 64-2.) While Plaintiff was strapped to a chair his blood was drawn. (<u>Id.</u> at 17.) In <u>Hanna 3</u>, Plaintiff contended that while in the custody of the Mariposa County Jail on April 8, 2011, deputies physically assaulted him. (Compl. 60, ECF No. 64-1.) These two actions both allege use of force by Mariposa County Jail deputies while Plaintiff was in their custody on April 8, 2011.

Identity of claims exists where the two actions arise from the same transactional nucleus of facts. <u>Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes</u>, 323 F.3d 767, (9th Cir. 2003). <u>Hanna 2</u> and <u>Hanna 3</u> both allege that excessive force was used against Plaintiff while he was detained at the Mariposa County Jail on April 8, 2011. This is the same transactional nucleus of facts. Plaintiff is precluded from pursing multiple lawsuits based on the same controversy. "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." <u>Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency</u>, 322 F.3d 1064, 1078 (9th Cir. 2003) (quoting <u>United States ex rel. Barajas v. Northrop Corp.</u>, 147 F.3d 905, 909 (9th Cir.1998)).

Both cases also allege that the force was used by the deputies at the Mariposa County Jail. These are the same Defendants in both actions. Although Plaintiff names the Mariposa County Sheriff in <u>Hanna 2</u> and Sheriff Binnewies in <u>Hanna 3</u>, privity may exist if "there is substantial identity between parties, that is, when there is sufficient commonality of interest." <u>Tahoe-Sierra Preservation Council, Inc.</u>, 322 F.3d at 1081 (internal punctuation and citations omitted). In this instance, the claim brought against the Mariposa County Sheriff Department and Sheriff Binnewies would be brought against the defendants in their official capacity, which is actually a claim against the County of Mariposa. There is privity between these parties and the claims against all these defendants could have been brought in the same action.

Finally, the dismissal in <u>Hanna 3</u> was with prejudice. Federal law provides that a later suit is barred by res judicata where the prior suit was dismissed with prejudice. <u>Beard v. Sheet Metal</u>

8

Workers Union, Local 150, 908 F.2d 474, 477 n.3 (9th Cir. 1990).

At this juncture, Defendants are only required to present facts that would constitute a defense and the burden is not extraordinarily heavy. Signed Personal Check, 615 F.3d at 1094. The Court finds that Defendants have met their burden to show that they have a meritorious defense that Plaintiff's claims are barred by res judicata.

### C.  Plaintiff Will Not Suffer Any Prejudice

Although Plaintiff claims that he will be prejudiced due to the delay in this action based on Defendants failure to respond, Hanna 2 was not served on Defendants until May 16, 2013. Any delay attributable to Defendants is less than eight months. Further, to be prejudicial the result must be greater than simply delaying the resolution of the action. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001).  "[T]he the standard is whether [plaintiff's] ability to pursue his claim will be hindered." TCI Group Life Ins. Plan, 244 F.3d at 701 (quoting Falk, 739 F.2d at 463).

While Plaintiff alleges that he will be prejudiced because of the lapse in time which will have caused memories to fade, potential witnesses to no longer be employed, and recorded documents to not be available, the incident alleged here occurred less than three years ago on April 8, 2011, and the delay in this action due to Defendants' failure to respond is approximately eight months. Defendants filed the motion to set aside the default promptly upon realizing that Hanna 2 was a separate action, and have filed a motion to dismiss. Defendants have been diligent in litigating this action since becoming aware of it.

Setting aside the default will merely set the parties where they were prior to the defendants failing to respond. TCI Group Life Ins. Plan, 244 F.3d at 701. The Court finds that any prejudice Plaintiff would suffer from this slight delay would be outweighed by the other factors and the policy that cases be decided on the merits.

### IV.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to set aside default judgment be GRANTED.

This findings and recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to this findings and recommendation with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 8, 2014**

UNITED STATES MAGISTRATE JUDGE