# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIPOSA COUNTY SHERIFF DEPT., et al.,<br><br>    Defendants. | Case No. 1:12-cv-00501-AWI-SAB<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 93)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## PROCEDURAL HISTORY

Plaintiff Richard Charles Hanna is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 2, 2012. (ECF No. 1.) On September 10, 2013, default was entered against Defendants Boehm, King, Mariposa County Sheriff Dept., Rameriz, and Rumfelt. (ECF No. 39.) On December 4, 2013, Defendants filed a motion to set aside the entry of default. (ECF Nos. 58-71.) Plaintiff filed an opposition to the motion on December 26, 2013. (ECF No. 82.) Defendants filed a motion to dismiss on December 31, 2013. (ECF No. 85.)

On January 21, 2013, Plaintiff filed objections to the findings and recommendation and an opposition to the motion to dismiss. (ECF No. 91, 92.) On December 23, 2013, an order issued

1

adopting the findings and recommendation and setting aside the entry of default against the defendants. (ECF No. 96.) On this same date, Plaintiff filed a motion for injunctive relief, motion to set aside judgment in Hanna v. County of Mariposa, 1:12-cv-01885-AWI-SAB, and a declaration of Renee Ritter.[1] (ECF Nos. 93-95.)

## II.

## LEGAL STANDARD

In order to obtain injunctive relief Plaintiff must establish that he has standing for the relief requested. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert. denied, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

Standing raises both constitutional and prudential concerns incident to the federal court's exercise of jurisdiction. Coalition of Clergy, Lawyers, and Professionals v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002). A prudential principle of standing is that normally a plaintiff must assert his own legal rights rather than those of third parties. Oregon v. Legal Services Corp., 552 F.3d 965, 971 (9th Cir. 2009); Fleck and Associates, Inc. v. Phoenix, 471 F.3d 1100, 1104 (9th Cir. 2006.) In some circumstances a litigant may seek relief for third persons, however, the litigant must demonstrate 1) the litigant suffered an injury in fact; 2) that there is a close relationship between the litigant and the individual who possesses the right that the litigant is asserting; and 3) there is a hindrance to the individual's ability to assert his own rights. Coalition of Clergy, Lawyers, and Professionals, 310 F.3d at 1163; Fleck and Associates, Inc., 471 F.3d at 1105 n.3.

///

---

[1] The Court shall address the motion to dismiss in a separate findings and recommendation following the evidentiary hearing set in Hanna v. County of Mariposa. Based upon the relief requested, the Court finds it is not necessary for Defendants to respond to Plaintiff's motion for injunctive relief.

# III.

# DISCUSSION

Plaintiff contends that the County of Mariposa has been harassing his girlfriend at work since she signed a declaration for him in this action. (Motion for Injunctive Relief 1, ECF No. 93.) Plaintiff requests the court to take judicial notice of the harassment that is taking place against Renee Ritter in the Mariposa County Jail by her superiors and those in the immediate chain of command from the sheriff and the threat of termination from her employment. (Id. at 3.) Plaintiff seeks an order that "Defendants" stop all harassment and actions against Renee Ritter. (Id. at 3.)

Plaintiff does not have standing to request relief on behalf of Ms. Ritter. McCollum v. California Dep't of Corrections and Rehabilitation, 647 F.3d 870, 878 (9th Cir. 2011) ("litigant must normally assert his own legal interests rather than those of third parties"). Even if Plaintiff were able to establish a close relationship with Ms. Ritter, he would be unable to meet the requirement that Ms. Ritter is unable to assert her own rights. Viceroy Gold Corp. v. Aubry, 75 F.3d 482, 489 (9th Cir. 1996) (even where the relationship is close, there must be some "genuine obstacle" to the third person asserting their rights). The Court has reviewed Ms. Ritter's declarations and it is clear that Ms. Ritter has the ability to act to protect her rights in this instance. (See Declaration of Renee Ritter, ECF No. 95.) Ms. Ritter is articulate and in the declaration states that "she has made it clear to both Richard Hanna and his Attorney Eugene Action that I do not want to be involved in any legal matters." (Id. at 2.)

The Court recommends that Plaintiff's motion for injunctive relief be denied.

# VI.

# CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, filed January 23, 2014 be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings

and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE