# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA, | Case No. 1:12-cv-00501-AWI-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PRIVATE INVESTIGATOR |
| v. | (ECF No. 99) |
| MARIPOSA COUNTY SHERIFF DEPT. et al., | |
| Defendants. | |

Plaintiff Richard Charles Hanna is a former state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is Defendants' motion to dismiss on the grounds of res judicata. The Court has set an evidentiary hearing for March 13, 2014, to consider whether Plaintiff's voluntary dismissal with prejudice of Hanna v. County of Mariposa, 1:12-cv-01885-AWI-SAB, which raised the same claims as this action, should be set aside. On February 3, 2014, Plaintiff filed a motion for the appointment of a private investigator pursuant to Penal Code section 987.8(b) and a notice of change of address.

Plaintiff contends that an investigator is necessary to support his claim for relief and he is seeking a detailed indexing of documents in the "prosecutions" possession. (Mot. for Appointment of Private Investigator 1, ECF No. 99.) Initially, Plaintiff is advised that this is a

1

1  federal action proceeding in federal court and California law is inapplicable in this case.

2  Plaintiff relies on U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136 (1989), to support his claim that a private investigator is necessary to help him pursue an affirmative defense due to the likelihood of prosecutorial vindictiveness.  (ECF No. 99 at 2.)  However, Tax Analysts involved a weekly magazine that was attempting to obtain recent federal court decisions on tax issues by using a Freedom of Information Act request.  492 U.S. at 139.  The Department denied the request and the Supreme Court found that the Department improperly withheld agency records when the request was denied.  Id. at 140, 155.  Tax Analysts does not stand for the proposition that Plaintiff sets forth.

Additionally, while a court may be required to provide investigative services to an indigent defendant to insure effective preparation of the defense, Williams v. Stewart, 441 F.3d 1030, 1053 (9th Cir. 2006), this is not a prosecution against Plaintiff by the government.  Plaintiff has brought a civil action against the defendants and there is no requirement that he be provided with investigative services.

"[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress...."  Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976).  There is no provision in the forma pauperis statute to pay for litigation expenses of an indigent inmate and no other statute authorizes the federal court to commit federal monies for necessary expenses in a civil lawsuit brought by an indigent litigant.  Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993).

Although Plaintiff states he is does not have resources to prosecute this action because he is in custody, the record shows that he has been released.  As Plaintiff has been informed on several occasions, discovery has not been opened in this action and he may not seek to conduct discovery at this time.  If the Court resolves the motion to dismiss currently pending in Plaintiff's favor and this action is still proceeding, a scheduling order will issue setting forth further dates, including those for discovery.

Finally, Plaintiff states that an investigator is necessary because he does not possess subpoena power.  The record demonstrates that Plaintiff is capable of representing himself in this

action. He has been aggressively seeking to obtain documents he believes are relevant to this action. If there comes a time when Plaintiff needs to issue subpoenas, Plaintiff can file a motion with the Court.

    Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: __**February 5, 2014**__

UNITED STATES MAGISTRATE JUDGE