# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIPOSA COUNTY SHERIFF DEPT. et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-00501-AWI-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION AND STRIKING DECLARATION OF RENEE RITTER<br><br>(ECF Nos. 81, 83) |

　　　　On December 20, 2013, Plaintiff filed a declaration by Renee Ritter. (ECF No. 81.) On December 31, 2013, Defendants filed a motion to strike the declaration as it was not executed under penalty of perjury as required by 28 U.S.C. § 1746(2). (ECF No. 83.) On January 10, 2014, Judge Ishii referred the motion to the undersigned and the hearing was vacated. (ECF No. 88.) On January 14, 2014, the undersigned issued an order finding the matter suitable for decision without a hearing and order Plaintiff to file any opposition to the motion within fourteen days. (ECF No. 89.) On January 23, 2014, Plaintiff filed a second declaration of Renee Ritter executed under penalty of perjury. (ECF No. 95.)

　　　　Defendants move to have the declaration of Renee Ritter stricken from the record as it is not competent evidence since the declaration merely states "this is a true statement prepared by myself." Section 1746 provides that an unsworn declaration that is signed under penalty of

1

perjury has the same force and effect as an affidavit. <u>Hess v. Multnomah</u> County, 211 F.R.D. 403, 406 (D. Or. 2001). However, a declaration that is not signed under penalty of perjury is merely hearsay evidence and cannot be considered for the truth of the statements within. <u>Finch v. Barnhart</u>, 463 F.Supp.2d 1002, 1003 n.2 (C.D. Cal. 2006).

Accordingly, Defendants motion to strike the declaration of Renee Ritter is HEREBY GRANTED and the declaration of Renee Ritter, filed December 20, 2013, is STRICKEN FROM THE RECORD.

IT IS SO ORDERED.

Dated: **February 18, 2014**

UNITED STATES MAGISTRATE JUDGE

2