# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>Plaintiff,<br><br>v.<br><br>MARIPOSA COUNTY SHERIFF DEPT., et al.,<br><br>Defendants. | Case No. 1:12-cv-00501-AWI-SAB<br><br>ORDER REQUIRING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING |

Plaintiff in this action has filed separate actions based upon the same facts. In a related action, Hanna v County of Mariposa, No. 1:12-cv-01885-AWI-SAB (E.D. Cal.), Plaintiff entered into a settlement agreement and the case was voluntarily dismissed with prejudice. Plaintiff sought to have the judgment in the action set aside and an evidential hearing was held on March 13, 2014 as to the issues presented in the motion. There is currently a findings and recommendations pending in that action recommending Plaintiff's motion to set aside the judgment be denied.

In the instant case, Defendants Mariposa County Sheriff Department, Boehm, King, Ramirez, and Rumfelt filed a motion to dismiss on the grounds of res judicata on December 31, 2013. Plaintiff filed an opposition to the motion on January 21, 2014.

In determining the issue of res judicata, the Court considers if "there is 1) an identity of

1

claims, 2) a final judgment on the merits, and 3) identity or privity between parties." <u>Tritz v. U.S. Postal Service</u>, 721 F.3d 1133, 1141 (9th Cir. 2013). Generally, a person who is not a party to the action is not entitled to the benefit of res judicata. Restatement of Judgments § 34(3). This applies to individuals that are erroneously or fictitiously named. <u>Id.</u> at comment d. Although Defendants state that the parties are the same in these actions, "the mere naming of a person through use of a fictitious name does not make that person a party absent voluntary appearance or proper service of process." <u>Nagle v. Lee</u>, 807 F.2d 435, 440 (5th Cir. 1987).

Res judicata applies where there is privity between the parties. <u>Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency</u>, 322 F.3d 1064, 1081 (9th Cir. 2003). "Even when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." <u>Id.</u> (quoting <u>In re Gottheiner</u>, 703 F.2d 1136, 1140 (9th Cir. 1983). Courts have found privity exists between employers and their employees when the claim asserted are based upon the employee's actions in the course and scope of his employment. See <u>Bennett-Bagorio v. City and County of Honolulu</u>, No. 1:13-cv-00071 DKW-KSC, 2014 WL 296860, at *10 (D. Haw. Jan. 28, 2014) (newly named defendants were employees of previously named defendant at time incident occurred and interests were aligned as liability was predicated upon a finding of wrongdoing by employees). The courts find that privity exists in these actions because the employer is vicariously liable for the actions of the employee. However, government officials cannot be held liable for the acts of their subordinates under a theory of respondeat superior. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).

In the moving and opposition papers, the parties have not addressed the issue of whether there is privity between Deputies Boehm, King, Ramirez, and Rumfelt and the defendants that appeared in the prior action. Accordingly, the Court shall order the parties to file supplemental briefing regarding whether privity exists between the parties to this and the prior action.

///

///

///

///

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants shall file their supplemental briefing by April 25, 2014; and
2. Plaintiff's response to the supplemental briefing shall be filed on or before May 16, 2014.

IT IS SO ORDERED.

Dated: **April 10, 2014**

UNITED STATES MAGISTRATE JUDGE