# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA, | Case No. 1:12-cv-00501-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |
| v. | |
| MARIPOSA COUNTY SHERIFF DEPT. et al., | (ECF Nos. 85, 92, 105, 110, 111) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff, a former state prisoner, appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on April 2, 2012. Currently before the Court is Defendants' motion to dismiss. Having considered the moving, opposition, and reply papers and the Court's file, the Court issues the following findings and recommendations.

## I.

## PROCEDURAL HISTORY

The facts relating to this action are somewhat complicated. On December 8, 2011, Plaintiff, appearing pro se and in forma pauperis, filed an action, <u>Hanna v. Mariposa County Sheriff Dept.</u> ("Hanna 1"), No. 10082, in Mariposa County Superior Court alleging that while he was detained in the Mariposa County Jail on April 8, 2011, Deputies Boehm, Ramirez, Rumfelt,

1

and King used a taser on him and he was forcibly required to provide a blood sample.[1]  (Compl. 6-13,[2] ECF No. 85-2.)  Since Plaintiff was being transferred to state prison, he requested his criminal defense attorney, Eugene Action, to take over the action for him.  (Findings of Fact 3, Hanna v. Count of Mariposa, No. 1:12-cv-01885-AWI-SAB (E.D. Cal. March 17, 2014), ECF No. 36.)

On April 2, 2012, Plaintiff Richard Charles Hanna, appearing pro se and in forma pauperis, filed the instant action, Hanna v. Mariposa County Sheriff Dept. ("Hanna 2"), No. 1:12-cv-00501-AWI-SAB, a civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California alleging that Deputies Boehm, Rumfelt, Rameriz and King used excessive force against him while he was detained on April 8, 2011 at the Mariposa County Jail.  (ECF No. 1.)

The Superior Court had indicated that it intended to dismiss Hanna 1 with prejudice and Mr. Action appeared for a case management conference on May 30, 2012.  (Findings of Fact at 3.)  At Mr. Action's request, the Superior Court dismissed Hanna 1 without prejudice.  (Id.)

On June 25, 2012, the magistrate judge screened the complaint in Hanna 2 and found service appropriate.  (ECF No. 13.)  On August 20, 2012, Mr. Action refiled Plaintiff's original state case in the Superior Court, Hanna v. County of Mariposa ("Hanna 3"), No. 10223, alleging assault and battery, excessive force, and intentional infliction of emotional distress while in the custody of the Mariposa County Jail on April 8, 2011.  (Findings of Fact at 3-4; Compl. 6-12, ECF No. 85-5.)

On November 15, 2012 Defendants removed Hanna 3 to the Eastern District of California and a motion to dismiss was filed on December 21, 2012.  Hanna v. County of Mariposa, No. 1:12-cv-01885-AWI-SAB (E.D. Cal.), ECF Nos. 1, 5.)  After reviewing the motion to dismiss and having discussions with defense counsel, Mr. Action spoke with Plaintiff regarding Hanna 2

---

[1] The district court may take judicial notice of proceedings in other courts within or outside of the federal judicial system when the proceedings have a direct relation to the matters at issue.  U.S. v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007).  Since the state and federal court cases have a direct relation to the issue of res judicata, the Court shall take judicial notice of the court documents attached to Defendants' motion to dismiss.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  on February 14, 2013.  (Findings of Fact 4.)  On February 20, 2013, Plaintiff filed a notice of
2  voluntary dismissal with prejudice in Hanna 3 February 14, 2013.  (Id.) The parties entered into
3  an agreement to dismiss Hanna 3 for a waiver of costs.  (Id.)  On February 22, 2013, Hanna 3 was
4  dismissed with prejudice.  (Id.)

5  On September 10, 2013, the Clerk entered default against Defendants in Hanna 2.  (ECF
6  No. 39.)  Plaintiff filed a motion for a temporary restraining order on October 23, 2013.  (ECF
7  No. 47.)  On October 30, 2013, District Judge Anthony Ishii issued an order denying Plaintiff's
8  request for a temporary restraining order and requiring Plaintiff to show cause why Hanna 2
9  should not be dismissed for failing to file a notice of related cases and on the basis of res judicata.
10  (ECF No. 48.)  On November 12, 2013, District Judge Anthony Ishii issued an order relating
11  Hanna 2 and Hanna 3 and referred this matter to the undersigned to determine if the dismissal in
12  Hanna 3 was valid or if it should be set aside.  (ECF No. 50.)

13  On November 14, 2013, an order issued requiring counsel in Hanna 3 to respond to
14  Plaintiff's allegation that he had not consented to the dismissal of the action.  (ECF No. 51.)
15  Counsel responded on November 27, 2013, with declarations stating that a settlement offer had
16  been discussed with Plaintiff and he agreed to dismiss the action for a waiver of costs.  (ECF No.
17  54.)

18  On December 4, 2013, Defendants moved to set aside the entry of default in Hanna 2.
19  (ECF Nos. 58-71.)  On December 6, 2013, Plaintiff filed a declaration regarding the dismissal of
20  Hanna 3.  (ECF Nos. 72.)  On December 9, 2013, Plaintiff filed a declaration regarding the
21  response filed by Mr. Action.  (ECF No. 77, 75.)  On December 16, 2013, Mr. Action filed a
22  response to a Court request for information.  (ECF No. 78.)  On December 31, 2013, Defendants
23  filed the instant motion to dismiss in Hanna 2.  (ECF No. 85.)

24  On January 9, 2014, the undersigned issued findings and recommendations recommending
25  that Defendants' motion to set aside the default be granted.  (ECF No. 87.)  On January 13, 2014,
26  an order issued setting an evidentiary hearing in Hanna 3.  Hanna 3 at ECF No. 22.  On January
27  21, 2014, Plaintiff filed an opposition to the motion to dismiss in Hanna 2.  (ECF No. 92.)  On
28  January 23, 2014 Judge Ishii adopted findings and recommendations and Defendants' motion to

3

1 set aside the default in Hanna 2 was granted. (ECF No. 96.)

2 On this same date, Plaintiff filed a motion to set aside the judgment in Hanna 3. Hanna 3 at ECF No. 29. An evidentiary hearing was held on March 13, 2014, to consider evidence regarding the motion to set aside the judgement in Hanna 3. Id. at ECF No. 35. On March 17, 2014, findings and recommendations issued recommending denying Plaintiff's motion to set aside the judgement in Hanna 3. Id. at 36. At the Court's request, Defendants filed supplemental briefing on the instant motion to dismiss on April 25, 2014, and Plaintiff filed his opposition on May 9, 2014. (ECF Nos. 108, 110.) Defendant filed a reply on May 14, 2014. (ECF No. 111.) On May 23, 2014, Judge Ishii issued on order adopting the findings and recommendations and denied Plaintiff's motion to set aside the judgement in Hanna 3. Hanna 3 at ECF No. 47. The motion to set aside default in this action and motion to set aside judgement in Hanna 3 having been decided, this action is now ripe for decision.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1051-52 (9th Cir. 2005)

(internal punctuation omitted) (quoting In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)). The three elements necessary to establish res judicata are: "1) an identity of claims; 2) a final judgment on the merits; and 3) privity between parties." Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency., 322 F.3d 1064, 1077 (9th Cir. 2003).

### III.

### DISCUSSION

Defendants move to dismiss Plaintiff's complaint on the grounds that 1) it is barred by the doctrine of res judicata; 2) it is barred by the doctrine of improper claim splitting; 3) it fails to allege facts to hold the Sheriff Department liable; 4) Plaintiff alleges a violation of the Eighth Amendment and he was a pretrial detainee at the time the incidents occurred; 5) service of process was insufficient; and 6) public entities cannot be held liable for punitive damages. (Notice of Motion 2-3, ECF No. 85.)  Plaintiff opposes the motion to dismiss arguing that the judgement in the prior action should be set aside.  (Mot. to Oppose Defs.' Mot. to Dismiss and Strike Compl. 1-3, ECF No. 92.)

**A.   Res Judicata**

In Hanna 3, District Judge Anthony Ishii has issued an order adopting this Court's findings and recommendations and Plaintiff's motion to set aside the judgment in Hanna 3 has been denied.  In determining the issue of res judicata, the Court considers if "there is 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." Tritz v. U.S. Postal Service, 721 F.3d 1133, 1141 (9th Cir. 2013).

1.   Identity of Claims

There is identity of claims when the two suits arise from the same nucleus of facts. Tahoe Sierra Preservation Council, Inc., 322 F.3d at 1078.  To determine if this suit concerns the same claims as Hanna 3, the court considers "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Headwaters, Inc., 399 F.3d at 1052 (quoting Costantini v. Trans World

5

1  Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982)).

2  The civil rights allegation in the complaint in Hanna 3 states, "[w]hile being held in custody on or about April 8, 2011 in the Mariposa County Jail, employees/agents/deputies of Mariposa County and/or of Sheriff Douglas Binnewies and/or Does 1-25 did use force upon the person of Richard Charles Hanna while he was in their care and control." (ECF No. 85-5 at 14.) All causes of action alleged in the complaint were based upon the same underlying facts. The complaint in Hanna 2 alleges that while detained in Mariposa County Jail on April 8, 2011, Plaintiff was tased three times and then blood was forcibly drawn without his permission. (ECF No. 1 at 2-4.) While the allegations in Hanna 2 are more specific, both Hanna 2 and Hanna 3 arise out of the same transactional nucleus of facts, Plaintiff's arrest on April 8, 2011.

Finally, Plaintiff has conceded that the actions are based upon the same facts. Both actions allege the infringement of the right to be from the use of excessive force upon arrest and prosecution of the two actions would require presentation of the same evidence. An identity of claims exists.

### 2. Final Judgement on the Merits

Res judicata applies where there has been a final judgment on the merits. Tahoe Sierra Preservation Council, Inc. 322 F.3d at 1081. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).

In this instance, Hanna 3 was dismissed with prejudice on Plaintiff's motion for voluntary dismissal after the parties entered into a settlement agreement. "[A] stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court." Headwaters, Inc., 399 F.3d at 1052; see also In re Baker, 74 F.3d 906, 910 (9th Cir. 1996) ("For res judicata purposes, an agreed or stipulated judgment is a judgment on the merits."). The stipulation to dismiss with prejudice in Hanna 3 was a final judgment on the merits.

### 3. Privity of Parties

The doctrine of res judicata bars further claims by parties or their privies that are based on

the same cause of action. In re Schimmels, 127 F.3d at 881. The stipulation for dismissal in Hanna 3 states that Plaintiff was stipulating to dismiss the action against all defendants with prejudice. Hanna 3 at ECF No. 14. The dismissal in Hanna 3 applied to all defendants to the action. Accordingly, the Court must determine which defendants would receive the benefit of res judicata.

The complaint in Hanna 3 named the County of Mariposa and Sheriff Douglas Binnewies and 25 Doe defendants. "A person who is named as a party to an action and subjected to the jurisdiction of the court is a party to the action." Restatement of Judgments § 34(1) (1982). Generally, a person who is not a party to the action is not entitled to the benefit of res judicata. Restatement of Judgments § 34(3). This applies to individuals that are erroneously or fictitiously named. Id. at comment d. "Therefore, the mere naming of a person through use of a fictitious name does not make that person a party absent voluntary appearance or proper service of process." Nagle v. Lee, 807 F.2d 435, 440 (5th Cir. 1987). A person who has not been made a party by service of process is not bound by a judgment in the litigation. Taylor v. Sturgell, 553 U.S. 880, 891 (2008) ; Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992). Since the only defendants who were named and subject to the jurisdiction of the Court were the County of Mariposa and Sheriff Douglas Binnewies, they are the only parties to receive the benefit of res judicata from the dismissal of Hanna 3.

However, res judicata applies where there is privity between the parties. Tahoe Sierra Preservation Council, Inc. 322 F.3d at 1081. "Even when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." Id. (quoting In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983). Privity is a legal conclusion finding an individual "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." In re Schimmels, 127 F.3d at 881 (quoting Southern Pacific Railway Co. v. United States, 168 U.S. 1, 49 (1897)). In the original motion to dismiss and the supplemental briefing, Defendants do not address the issue of privity between the County, Sheriff Binnewines, and the deputies who are defendants in this action.

There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the government could have res judicata affect. Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992). However, where a government official appears in this official capacity he does not represent the same legal right as he does in his individual capacity and res judicata will not apply. Andrews v. Daw, 201 F.3d 521, 525 (4th Cir. 2000).

Courts have found privity exists between employers and their employees when the claim asserted are based upon the employee's actions in the course and scope of his employment. See Adams, 487 F.3d at 692 (new defendants were employees of previously named defendant and thus had a close relationship and interests were aligned and participated in the first litigation); Bennett-Bagorio v. City and County of Honolulu, No. 1:13-cv-00071 DKW-KSC, 2014 WL 296860, at *10 (D. Haw. Jan. 28, 2014) (newly named defendants were employees of previously named defendant at time incident occurred and interests were aligned as liability was predicated upon a finding of wrongdoing by employees); Birch v. Gonzalez, 2013 WL 1191429, at *8 (C.D. Cal. Feb. 15, 2013) (employees were in privity with Warden where his liability would be predicated on the wrongdoing by the employees in State habeas petition); E.E.O.C. v. Evans Fruit Co., Inc., 2013 WL 3817410, at *2 (E.D. Wash. July 22, 2013 (E.D. Wash. July 22, 2013) (the employer-employee relationship is sufficient to establish privity between the defendants). However, in these instances, the courts found that privity existed because the employer is liable for the actions of the employee.

Government officials cannot be held liable for the acts of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The liability of the County or Sheriff Binnewines in this instance would be based on a policy or practice that was deficient, while the liability of the individual deputies is based upon the actual use of force on Plaintiff. The Court finds that the individual deputies would not be in privity with Mariposa County or Sheriff Binnewies for the purposes of res judicata.

In their supplemental and reply briefing, Defendants argue that this action is brought against the individual deputies in their official capacities, which is equivalent to a suit against the

1  County and therefore res judciata applies.  However, where a plaintiff is seeking damages against
2  a state official and the complaint is silent as to capacity, a personal capacity suit is presumed.
3  Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v.
4  Akaka, 928 F.2d 824, 828 (9th Cir. 1991).  In this action, Plaintiff names the individual deputies
5  and describes the acts that the individual deputy took which he alleges amounted to excessive
6  force.  The fact that in one paragraph Plaintiff refers to a custom or policy does not persuade the
7  Court that Plaintiff brought this action against the deputies in their official capacities.  While
8  Plaintiff does refer to the deputies collectively when describing the alleged claims, he is seeking
9  monetary damages for the actions that each deputy took on the date in question.  The Court finds
10 that Plaintiff's complaint states a cause of action against the deputies in their personal capacities.

11 Defendants also argue that claim preclusion applies to bar Plaintiff's claims in this action.
12 "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the
13 very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'
14 "  Taylor, 553 U.S. at 891 (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)).  A
15 plaintiff is required to bring all claims against a party or privies that relate to the same transaction
16 or event at one time.  Adams v. California Dep't of Health Services, 487 F.3d 684, 693 (9th Cir.
17 2007).  However, since the deputies are not in privity with the County or Sheriff Binnewies, claim
18 preclusion would not bar the claims against them in this action.

19 Dismissal with prejudice of a later filed action can act as a bar to an earlier filed action
20 where the litigant had a full and fair opportunity to litigate his claim.  Adams, 487 F.3d at 692
21 n.2.  In this instance, Plaintiff dismissed his claims against the County of Mariposa and Sheriff
22 Douglas Binnewies with prejudice and res judicata does bar his claims in this action against
23 Defendant Mariposa County Sheriff Department as it is in privity with the County of Mariposa.
24 However, since the deputies are not in privity with the County or Sheriff Binnewies, the personal
25 capacity claims against Defendants Boehm, Rumfelt, Rameriz, and King are not barred by the
26 doctrine of res judicata.

27 Accordingly, the Court recommends that Defendants' motion to dismiss be granted on the
28 basis of res judicata as to Defendant Mariposa County Sheriff Department and denied as to

Defendants Boehm, Rumfelt, Rameriz, and King.

### B. Excessive Force Claim

Defendants move to dismiss Plaintiff's claims against all defendants because they are brought under the Eighth Amendment and he was a pretrial detainee at the time the incidents occurred and therefore the Eighth Amendment does not apply. State pretrial detainees "are protected by the Fourteenth Amendment's Due Process Clause, as well as specific substantive guarantees of the federal Constitution, such as the First and Eighth Amendments." Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) (internal citations omitted). "The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment." Browne v. San Francisco Sheriff's Dept., 616 F.Supp.2d 975, 983 (N.D. Cal. 2009).

Further, prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). The Court found that Plaintiff's complaint stated a claim for excessive force, and the fact that Plaintiff referenced the wrong Constitutional amendment is not fatal to Plaintiff's claim. While it is unclear whether Plaintiff was a pretrial detainee as argued by Defendants or an arrestee at the time of the incident, Plaintiff has stated a claim against Defendants Boehm, Rumfelt, Rameriz, and King for excessive force in violation of his constitutional rights. Defendants' motion to dismiss for lack of standing due to Plaintiff alleging violation of the Eighth Amendment should be denied.

### C. Service of Complaint

Defendants contend that service of the complaint in this action was deficient under California law because it did not comply with California Code of Civil Procedure §§ 416.90 or 415.20(a), as a copy of the complaint was not mailed after being left at the deputies place of employment.[3] Under Rule 4(e) of the Federal Rules of Civil Procedure service must comply with state law or section 4(b)(2) which, as applicable here, allows service by delivering a copy of the

---

[3] The Court need not address Defendants' contention that service on the County was deficient as the Court's recommendation is to dismiss the County based upon res judicata.

10

1 summons and complaint with an agent authorized to accept service. Fed. R. Civ. P. 4(b)(2). While the service and complaint were left with the undersheriff, who the Court would assume is the agent authorized to accept service for the Sheriff Department, Defendants are contending this is not so.

If the summons was not delivered to the agent authorized to accept service, California law provides that it can be left at the usual place of business and thereafter a copy must be mailed by United States mail to the place where the summons and complaint were left. Cal. Code Civ. P. § 415.20(b). Since a copy of summons and complaint were not mailed as required by California law, the Court recommends granting the motion to dismiss for improper service and ordering the United States Marshal to re-serve the summons and complaint.

### D. Punitive Damages

Finally, Defendants move to dismiss the claim for punitive damages against the Mariposa County Sheriff Department. Since the claim against the Mariposa County Sheriff Department is being dismissed on the basis of res judicata, the issue of punitive damages against the County Defendant should be dismissed as moot.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss on the basis of res judicata be GRANTED as to Defendant Mariposa County Sheriff Department, and DENIED as to Defendants Boehm, Rumfelt, Rameriz, and King;

2. Defendants' motion to dismiss for improper service on the individual Defendants should be GRANTED, and the United States Marshal should be ordered to re-serve the summons and complaint; and

3. Defendants' motion to dismiss on all other grounds should be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings

and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 4, 2014**

UNITED STATES MAGISTRATE JUDGE