# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIPOSA COUNTY SHERIFF DEPT., et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00501-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND MOTION TO VACATE THE MANDATORY SCHEDULING CONFERENCE AND DISREGARDING PLAINTIFF'S OFFER OF SETTLEMENT<br><br>(ECF Nos. 141, 144, 148)<br><br>ORDER REQUIRING DEFENDANTS BOEHM, KING, RAMIREZ, AND RUMFELT TO REIMBURSE UNITED STATES MARSHAL<br><br>(ECF Nos. 135, 146) |

**I.**

**PROCEDURAL BACKGROUND**

Plaintiff Richard Charles Hanna filed this action on April 2, 2012. This action is proceeding against Defendants Boehm, King, Ramirez, and Rumfelt for use of excessive force in violation of the Eighth Amendment. Following a complicated history, which is detailed in the findings and recommendations filed June 5, 2014, an order issued on October 2, 2014 requiring Defendants to show cause why they should not be required to reimburse the United States Marshal for the costs of personal service. (ECF No. 135.)

1

On October 14, 2014, Plaintiff filed a notice to defense counsel that all filings must be addressed to Plaintiff. (ECF No. 137.) On October 15, 2014, Defendants filed a response to Plaintiff's notice. (ECF No. 138.) On October 20, 2014, Plaintiff filed a motion for entry of default, notice of defendants' failure to notify Plaintiff of answer, and motion to vacate the mandatory scheduling conference. (ECF No. 141, 143, 144.) On October 22, 2014, Defendants filed a response to the order to show cause. (ECF No. 146.) On October 27, 2014, Plaintiff filed an offer of settlement. (ECF No. 148.)

## II.

## DISCUSSION

### A.   United States Marshal Request for Reimbursement of Costs

On January 8, 2013, the United States Marshal was ordered to serve process on Plaintiff's behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). On July 15, 2013, the Marshal filed a request for reimbursement of the expenses incurred in effecting personal service on Defendants Boehm, Ramirez, King, Rumfelt, and the Mariposa County Sheriff's Department, Fed. R. Civ. P. 4(d)(2)(a). (ECF No. 33.)

On July 23, 2013, an order issued requiring the defendants to show cause why the Marshal's request for reimbursement of costs should not be granted. (ECF No. 35.) After Defendants filed an answer, on October 2, 2014, an order issued requiring Defendants to respond to the order to show cause issued July 23, 2013. (ECF No. 135.) Defendants Boehm, King, Ramirez, and Rumfelt filed a response on October 15, 2014. (ECF No. 138.)

Pursuant to the Federal Rules of Civil Procedure, individuals have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expense later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

Defendants do not contest that they failed to respond to the waiver of service requests, but argue that they were unaware that they were being sued until they were contacted by defense counsel on November 19, 2013. Rule 4 imposes a duty to avoid unnecessary costs of service and

2

1  while a defendant failing to waive service must be given the opportunity to show good cause for
2  the failure, sufficient cause should be rare. Estate of Darulis v. Garate, 401 F.3d 1060, 1063-64
3  (9th Cir. 2005) (citing to Fed. R. Civ. P. 4 Advisory Committee note on 1993 amendments)
4  (quotation marks omitted).

5       In this case, waivers were received by the undersheriff and forwarded to counsel for the
6  Sheriff's Department who mistakenly filed the paperwork with another case and failed to have
7  the defendants sign and return the waivers. On May 16, 2013, the United States Marshals Office
8  executed personal service. While there is no indication that the defendants acted in bad faith in
9  disregarding the waiver, the negligent handling of the service documents by counsel does not
10 constitute good cause for failing to waive service. Fed. R. Civ. P. 4(d)(2)(A); Segura v. Felker,
11 No. CIV S-08-2477 KJM P, 2010 WL 3366618, at *1 (E.D. Cal. Aug. 24, 2010). The Marshal's
12 request for reimbursement of costs for effecting personal service on Defendants Boehm,
13 Ramirez, King, and Rumfelt shall be granted. The total cost of effecting personal service on the
14 Defendants in this action was $ 359.75.[1] Defendants Boehm, Ramirez, King, and Rumfelt shall
15 each be ordered to reimburse the Marshal $89.93 for the cost of effecting personal service.

16      **B.**    **Service of Documents**

17      Plaintiff has filed a notice alleging that defense counsel is under the misunderstanding that he
18 is represented by counsel in this action. Plaintiff contends that Defendants are not serving him with
19 documents in this action, but that his attorney in case no. 1:12-cv-01885-AWI-SAB is being served
20 with documents filed in this action. Plaintiff states that he has not received any response by
21 Defendants or a waiver of service. Further, Plaintiff informs Defendants that he is serving a request
22 for production of documents.

23      Defendants respond that they have served all filings on Plaintiff at the address on file with the
24 court. Defendants advise Plaintiff that Mr. Action is receiving notification of documents through the
25 Case/Management/Electronic Case file system because case no. 1:12-cv-01885-AWI-SAB has been
26 designated as a related action.

---

[1] The Marshal seeks a service fee of $55.00 and a mileage fee of $16.95 for a total of $71.95 for each defendant. (ECF No. 32.) The receipts show that the total cost of service was divided by five to obtain the fee for serving each defendant. The total cost of effecting personal service in this action was $359.75.

The Court notes that Mr. Action, Plaintiff's counsel in case no. 1:12-cv-01885-AWI-SAB has been placed as a party on the docket in this action. The Clerk of the Court shall be advised to terminate Mr. Action from this action. This should resolve the issue of Mr. Action receiving notification of filings made in this action.

Plaintiff also complains that although the proof of service shows that the answer to the complaint was served on September 30, 2014, the envelope in which he received the answer was postmarked October 13, 2014. Plaintiff alleges that Defendants are falsifying documents.

Defendants respond that when they received Plaintiff's notice that he had not received the answer to the complaint, a copy was mailed to Plaintiff on October 13, 2014. Defendants provide a copy of the proof of service showing that a copy of the answer was served on October 13, 2014.

The Court is aware that mail on occasion does become misdirected or is lost by the Postal Service and finds that Defendants proof of service is sufficient to show that Plaintiff has been served in compliance with the Federal Rules of Civil Procedure.

**C.     Motion for Entry of Default**

Plaintiff moves for entry of default claiming that he did not receive an answer to the complaint by September 30, 2014. Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a).

In this instance, Defendants filed an answer to the complaint on September 30, 2014 in compliance with the time allotted by the Federal Rules of Civil Procedure. (ECF No. 135.) Defendants have not failed to defend this action and the motion for entry of default is denied.

**D.     Motion to Vacate the Mandatory Scheduling Conference**

Plaintiff moves to vacate the mandatory scheduling conference because there has been no discovery provided, settlement discussions, or legal contentions, etc. Plaintiff appears to misunderstand the purpose of the mandatory scheduling conference and is directed to the First Informational Order in Prisoner Civil Rights Cases issued April 3, 2012, the Informational Order

issued June 25, 2012, and the Order Setting the Mandatory Scheduling Conference and Informational Order issued October 7, 2014.

Discovery in this action does not open until after the defendants file an answer to the complaint and a mandatory scheduling conference is conducted by the Court. Following the mandatory scheduling conference, the Court shall issue an order opening discovery and establishing dates by which discovery must be completed and dispositive motions shall be filed. Therefore, Plaintiff is advised that any discovery requests that have been served upon Defendants in this action are premature.

Further, Plaintiff is advised that pursuant to the order issued October 7, 2014, he is to meet and confer with defense counsel in preparing the joint scheduling report prior to the mandatory scheduling conference. This will initiate and inform the discovery and scheduling order which will issue after the mandatory scheduling conference.

Plaintiff's request to vacate the mandatory scheduling conference is denied.

### E.     Notice of Offer of Settlement

Plaintiff filed an offer of settlement. Plaintiff is referred to paragraph 6 of the Informational Order issued October 7, 2014 which states:

> The Court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Evidence improperly submitted to the Court will be stricken and returned to the party.

Plaintiff shall refrain from filing discovery documents or other communication with Defendants with the Court unless the litigation brings the documents into question as described above. Plaintiff's offer of settlement shall be disregarded.

### III.

### CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for entry of default is DENIED;
2. Plaintiff's request to vacate the mandatory scheduling conference is DENIED;
3. Plaintiff's offer of settlement shall be DISREGARDED;

5

4.        The expenses incurred by the United States Marshals Office in effecting service are imposed against Defendants Boehm, Ramirez, King, and Rumfelt;

5.        Defendants Boehm, Ramirez, King, and Rumfelt shall each reimburse the United States Marshals Office **$89.93** within **thirty (30) days** from the date of service of this order;[2]

6.        The Clerk's Office shall serve a copy of this order on the Sacramento Division of the United States Marshals Office; and

7.        The Clerk of the Court is directed to remove Eugene Action as a defendant from the docket and terminate him as attorney of record in this action.

IT IS SO ORDERED.

Dated:    **October 31, 2014**

UNITED STATES MAGISTRATE JUDGE

---

[2] United States Marshals Office, 501 I St., Ste. 5600, Sacramento, CA, 95814.

6