# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIPOSA COUNTY SHERIFF DEPT., et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-00501-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AS FUTILE<br><br>(ECF No. 158) |

　　　　Plaintiff Richard Charles Hanna, proceeding pro se and in forma pauperis, filed this action on April 2, 2012.  A scheduling order issued on November 20, 2014, opening discovery and establishing deadlines in this action.  On December 8, 2014, Plaintiff filed a motion to amend the complaint.  Plaintiff seeks to file an amended complaint to allege violations of his the right against self-incrimination and right to have an attorney present during the forced blood draw on April 8, 2011.  Plaintiff contends that he was not read his Miranda rights at the time he was tasered or given the right to counsel at any time during the forced blood draw.

　　　　Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this

1

instance, Defendants have filed an answer so Plaintiff may amend only with leave of the court or by written consent of the adverse party.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff seeks to amend the complaint because he was not read his Miranda rights prior to being tasered nor was he advised of his right to have an attorney present during a forced blood draw.  Since it is clear that allowing Plaintiff to file an amended complaint would be futile, the Court finds it unnecessary to require Defendants to file an opposition to the motion to amend.

An individual must be informed of his right against self-incrimination and right to counsel prior to a custodial investigation. Miranda v. Arizona, 384 U.S. 436, 479 (1966). However, the privilege against self-incrimination does not protect an individual from being compelled to produce "real or physical evidence[,]" but protects an individual "only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." Pennsylvania v. Muniz, 496 U.S. 582, 589 (1990) (quoting Schmerber v. California, 384 U.S. 757, (1966) (overruled on other grounds by Missouri v. McNeeley, 133 S.Ct. 1552, 1556 (2013)).  The Supreme Court has held that forcing a suspect to provide a blood sample is outside of the privilege against self-incrimination because it is not testimonial in nature. Muniz, 496 U.S. at 591 (citing Schmerber, 384 U.S. at 765)).

While Plaintiff was in custody during the incidents alleged, neither tasering Plaintiff nor performing a forced blood draw involve custodial interrogation.  Plaintiff cannot state a claim that he was subjected to a custodial interrogation based upon the facts contained in the motion to amend.  Since, Plaintiff is unable to state a Fifth Amendment claim, it would be futile to allow

Plaintiff to amend the complaint to include a violation of the Fifth Amendment.

Similarly, the Sixth Amendment right to counsel attaches only upon the initiation of criminal proceedings against the defendant or when the State's role shifts from investigation to accusation. United States v. Hayes, 231 F.3d 663, 667 (9th Cir. 2000). Administering chemical tests to determine blood alcohol levels is investigative in nature. Schmerber, 384 U.S. at 761. No Sixth Amendment right to counsel attaches prior to submitting to a chemical test. Robert v. State of Me., 48 F.3d 1287, 1290 (1st Cir. 1995); McVeigh v. Smith, 872 F.2d 725, 728 (6th Cir. 1989); see Nyflot v. Minnesota Commissioner of Public Safety, 474 U.S. 1027 (1985) (dismissing for lack of a substantial federal question an appeal claiming a violation of defendant's Constitutional rights for failure to provide counsel prior to submitting to sobriety test). Since Plaintiff's Sixth Amendment right to counsel did not arise prior to the blood test, Plaintiff cannot state a claim.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint is DENIED as futile.

IT IS SO ORDERED.

Dated:   **December 10, 2014**

UNITED STATES MAGISTRATE JUDGE