**WANGER JONES HELSLEY PC**
265 East River Park Circle, Suite 310
Fresno, California  93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330
E-Mail: owanger@wjhattorneys.com

Oliver W. Wanger #40331
Kurt F. Vote #160496
Jena M. Graykowski #276420

Steven W. Dahlem #135498
**MARIPOSA COUNTY COUNSEL**
5100 Bullion Street, Post Office Box 189
Mariposa, California  95338
Telephone: (209) 966-3222
Facsimile:  (209) 966-5147
E-Mail: sdahlem@mariposacounty.org

Attorneys for: Defendants MICHAEL KING, CHRISTOPHER BOEHM, DONALD T. RUMFELT and CHRISTOPHER RAMIREZ

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHARLES HANNA, | Case No.  1:12-cv-00501-AWI-SAB |
| Plaintiff, | ORDER RE: STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 163) |
| MARIPOSA COUNTY SHERIFF DEPT., DEPUTY BOEHM, RUMFELT, RAMIREZ and KING;, | ORDER STRIKING FIRST STIPULATED PROTECTIVE ORDER |
| Defendants. | (ECF No. 162) |

Plaintiff Richard C. Hanna ("Plaintiff"), on behalf and himself, and Defendants Michael King, Christopher Boehm, Donald T. Rumfelt, and Christopher Ramirez (collectively, "Defendants"), by and through their attorneys, hereby agree as follows:

**WHEREAS**, Plaintiff and Defendants shall be referred to collectively herein as the "Parties";

///

1

1  **WHEREAS**, Plaintiff has commenced the above-captioned action against 2 Defendants alleging that Defendants used excessive force while Plaintiff was in their custody;

3  **WHEREAS**, discovery has commenced in the above-captioned action and, in 4 connection with such discovery, the Parties may seek documents and other information that the 5 Parties consider to be privileged, confidential or proprietary information, or information 6 involving third party rights of privacy;

7  **WHEREAS**, the Parties wish to protect such information from unauthorized 8 and/or unnecessary disclosure;

9  **WHEREAS**, the Parties also wish to prevent the possibility of any misuse or 10 unnecessary disclosure of the information sought regardless of the existence of any privacy right 11 and/or confidentiality.

12  **IT IS THEREFORE STIPULATED**, pending further order of the Court, that 13 the following procedures designed to ensure the protection of confidential and other information 14 shall govern all forthcoming pre-trial discovery proceedings:

15  1.  Any party to this lawsuit in good faith may designate any or all 16 documents, testimony, and other information produced in this action as subject to this Stipulated 17 Protective Order upon the reasonable belief that said information actually constitutes documents 18 involving financial information, third party privacy rights, trade secrets or competitively-19 sensitive, confidential and/or proprietary information (the "Confidential Information").

20  2.  Confidential Information may be designated as follows:

21  (a)  Documents or copies of the same provided by any Party hereto or 22 other third party to another Party containing Confidential Information may be designated by 23 marking the page or the pages on which the Confidential Information appears with the legend: 24 "CONFIDENTIAL – to be used solely within the confines and for the purposes of *Hanna v.* 25 *Mariposa County, et al.,* Case No. 1:12-cv-00501."

26  ///
27  ///
28

(b) In lieu of marking each page, the producing party may, at its option, Bates-stamp the documents and identify in writing, groups of pages between which all the documents or information contain Confidential Information.

(c) Confidential Information disclosed at a deposition may be designated by any Party hereto as Confidential Information by: clearly indicating at the deposition and on the record, as set forth below, the specific testimony containing the Confidential Information that is to be made subject to the provisions of this Stipulation and Order.  The court reporter will immediately note this designation on the record and will thereafter designate that portion of the transcript and/or document involved as Confidential Information and all such portions of transcripts supplied to counsel will be so designated.

(d) It will be Plaintiff's (or his counsel if one is later retained) and counsel for Defendants' responsibility to assure that the Confidential Information portions of the depositions are not disclosed to anyone not authorized to receive Confidential Information pursuant to this Stipulation and Order.  Exhibits marked as Confidential Information at any deposition will be sealed in a separate envelope that is marked on the outside: "CONFIDENTIAL – to be used solely within the confines and for the purposes of *Hanna v. Mariposa County, et al.,* Case No. 1:12-cv-00501."

(e) Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, may be designated as Confidential Information by prominently marking each page containing confidential Information with the legend: "CONFIDENTIAL – to be used solely within the confines and for the purposes of *Hanna v. Mariposa County, et al.,* Case No. 1:12-cv-00501."

(f) The attorneys of record shall be responsible for insuring that any of their work product which contains Confidential Information of another Party entitled to protection under this Order, including copies of production documents, notes, memoranda, and documents prepared for filing with the Court, complies with this Stipulation and Order.

///

3. Any document or other information so designated may be shown, or its contents disclosed to the following persons only:

    (a) The attorneys of record for each party to this action and their firm staff, including associates, paralegals, secretaries, and support staff and the like;

    (b) Representatives of any party to this litigation, provided that such representatives agree, in advance, to be bound by this Stipulated Protective Order, to use such Confidential Information solely within the confines and for the purposes of this litigation, and that they will not disclose such Confidential Information to any person or entity who is not entitled to receive such Confidential Information under this Stipulated Protective Order;

    (c) Retained or non-retained experts and/or consultants, provided such experts or consultants agree, in advance, to be bound by this Stipulated Protective Order, to use such Confidential Information solely within the confines and for the purposes of this litigation, and that they will not disclose such Confidential Information to any person or entity who is not entitled to receive such Confidential Information under this Stipulated Protective Order; and

    (d) Court stenographers, deponents and witnesses, outside copy services, interpreters, and translators whose functions require them to have access to Confidential Information.

4. All Confidential Information produced or exchanged in the course of this litigation shall be used solely within the confines and for the purposes of this litigation. Documents or other information designated as subject to this Stipulated Protective Order shall not be disclosed or shown to any other person or entity unless or until the side wishing to make such disclosure informs the other side and gives them a reasonable time to object, at least 30 calendar days. In the event of objection, the Parties' respective counsel of record will make a good faith effort to resolve their dispute informally before filing any motion with the above-entitled Court relating to said dispute. If an objection is made in writing, the document shall not be disclosed until the court has issued a decision determining that disclosure of the document is appropriate.

///

5. Any Confidential Information designated under this Stipulated Protective Order shall be used solely for the purpose of assisting counsel of record for the Parties in connection with this litigation and not for any competitive or business purpose or any other purpose whatsoever or for any other litigation matter.

6. The Parties' and their counsel of record agree to make all reasonable efforts to ensure compliance with this Stipulated Protective Order. Any persons referred to in paragraphs 3(a), (b), (c) and (d) subject to this Stipulated Protective Order to whom documents and other information designated as Confidential Information are disclosed, shall first read a copy of this Stipulated Protective Order and agree in writing to abide by the terms thereof.

7. This Stipulated Protective Order is without prejudice to any Parties' right to object to production of any document or other disclosure of information on any ground it/he may deem appropriate, and any party or non-party may, upon duly noticed motion, seek relief from, or modification of, this Stipulated Protective Order based on a showing of good cause.

8. The designation of any Confidential Information under this Stipulated Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any trade secret or confidential information in contemplation of law. No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any designation of Confidential Information.

9. If designated documents or other information are improperly disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for the disclosure must immediately inform the other party of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

10. The Parties will, prior to commencement of trial, enter into mutually agreeable stipulations and protective orders with respect to any documents or other information to be disclosed during trial. Any unresolved disputes shall be resolved in accordance with the rules of the United States District Court, Eastern District of California – Fresno Division.  Any party intending to utilize any document designated as confidential in a law and motion matter or at trial should lodge the document under seal so as to preserve its confidentiality pending the Court's determination as to whether a privilege exists that precludes the use of the document as evidence or determining what safeguards should be utilized if the confidential documents are to be considered as evidence.

11. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential and subject to this Stipulated Protective Order.  Such notification shall constitute a designation of the information as Confidential Information.

12. Upon final determination of this action, unless otherwise agreed to in writing, each party shall assemble and return all designated material, including all copies thereof, to the  party who designated the material as Confidential Information and certify in writing that all such material has been returned or destroyed.

**IT IS SO STIPULATED.**

DATED: March 20, 2015                              By     /s/ Jena M. Graykowski
                                                                     Oliver W. Wanger
                                                                     Jena M. Graykowski
                                                                     Attorneys for Defendants

**IT IS SO STIPULATED.**

DATED: March 17, 2015                              By       /s/ Richard Hanna
                                                                     Plaintiff Richard Charles Hanna

**ORDER**

On March 20, 2015, Defendant filed two stipulated protective orders. (ECF Nos. 162, 163.) Defendant e-mailed a copy of the stipulated protective order for signature, indicating the original filing had a typographical error which was corrected in the second document filed.

Accordingly, IT IS HEREBY ORDERED that

1. The first stipulated protective order (ECF No. 162) is STRICKEN FROM THE RECORD;

2. Based upon the stipulation of the parties, the amended Stipulated Protective Order (ECF No. 163) is APPROVED; and

3. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request as specified in Rule 141.

IT IS SO ORDERED.

Dated: **March 20, 2015**

UNITED STATES MAGISTRATE JUDGE